UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| A. PROCTOR GROUP, LTD,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>VAPROSHIELD, LLC,<br><br>　　　　　　Defendant. | CASE NO. C14-5156 BHS<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND MOTION TO STAY |

This matter comes before the Court on Defendant VaproShield, LLC's ("VaproShield") motion to dismiss (Dkt. 12) and VaproShield's motion to stay discovery pending disposition of the motion to dismiss (Dkt. 25). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby denies the motions for the reasons stated herein.

## I. PROCEDURAL HISTORY

On February 24, 2014, Plaintiff A. Proctor Group, LTD ("APG") filed a complaint against VaproShield for breach of contract and breach of the duty of good faith and fair dealing and requesting declaratory and injunctive relief. Dkt. 1.

On April 4, 2014, VaproShield filed a motion to dismiss. Dkt. 12. On April 28, 2014, APG responded. Dkt. 15. On May 2, 2014, VaproShield replied. Dkt. 22.

On May 8, 2014, VaproShield filed a motion to stay discovery pending disposition of the motion to dismiss. Dkt. 25. On May 14, 2014, APG responded. Dkt. 30. On May 16, 2014, VaproShield replied. Dkt. 31.

On June 3, 2014, the case was reassigned to the undersigned. Dkt. 33.

## II. FACTUAL BACKGROUND

This dispute arises from a letter of intent signed by the parties in September 2009. Dkt. 14, Declaration of Phillip Lewis Johnson, Exh. 1 ("LOI"). On June 13, 2012, VaproShield filed a lawsuit in Pierce County Superior Court for the State of Washington against APG for breach of contract requesting both declaratory and injunctive relief. *See* Case No. 12-5763BHS, Dkt. 1-1. VaproShield alleged that the LOI was a binding contract and that APG was in breach of that contract. *Id*. The matter was removed to this Court and was voluntarily dismissed by the parties' stipulated motion. *Id*., Dkt. 29.

Now, asserting the exact opposite position it did in the prior action, APG alleges that the LOI is a binding contract. Dkt. 1. The LOI describes an exclusive distributorship and certain minimum purchase requirements. It fails, however, to state any legal liability for failure to act in accordance with either provision. Although the parties have acted in accordance with the LOI for a number of years, the parties' relationship has become strained. These legal actions are the result of that strained business relationship.

## III. DISCUSSION

Although titled a motion to dismiss, VaproShield requests a ruling pursuant to Fed. R. Civ. P. 56, which is a request for summary judgment. Dkt. 12 at 1. Under this

rule, VaproShield argues that the LOI is not an enforceable contract or, in the alternative, APG did not satisfy conditions precedent to performance and APG breached the contract. *Id*. at 8–15.

**A.     Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477

U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990).

**B.  Enforceable Contract**

VaproShield argues that no enforceable contract exists because (1) there was not mutual assent and (2) the agreement contains indefinite terms.

**1.  Mutual Assent**

For a contract to exist, there must be a mutual intention or "meeting of the minds" on the essential terms of the agreement. *McEachern v. Sherwood & Roberts, Inc.*, 36 Wn. App. 576, 579 (1984). "Mutual assent generally takes the form of an offer and an acceptance." *Pacific Cascade Corp. v. Nimmer*, 25 Wn. App. 552, 556 (1980). Under Washington's Uniform Commercial Code ("UCC"), a "contract for sale of goods may be made in any manner sufficient to show agreement, including conduct by both parties which recognizes the existence of such a contract." RCW 62A.2-204(1). Whether there was mutual assent is normally a question of fact for the jury. *Sea–Van Invs. Assocs. v. Hamilton*, 125 Wn.2d 120, 126 (1994).

In this case, there exist numerous questions of fact regarding whether the LOI is an enforceable contract. VaproShield, however, asserts that

> APG only points to alleged acts of VaproShield that may imply VaproShield thought there was an agreement, and cannot cite to a single statement made by any speaking agent of APG where APG acknowledges an agreement. Instead, the record is very clear that at all times APG proceeded as if the parties were still negotiating an agreement.

Dkt. 22 at 9. This assertion is not supported by the record. In fact, APG's Export Sales Manager, Jeffrey Dibdin, declares that (1) he sent VaproShield an email confirming an agreement between the parties and (2) the parties performed consistent with that agreement. Dkt. 19, Declaration of Jeffrey Dibdin, ¶¶ 7–8 & Exh. 4. Therefore, the Court denies VaproShield's motion on the issue of mutual assent because material questions of fact exist on this issue.

**2.    Indefiniteness**

"An agreement for an agreement, or, in other words, an agreement to do something which requires a further meeting of the minds of the parties and without which it would not be complete is unenforceable." *Sandeman v. Sayres*, 50 Wn.2d 539, 541–542 (1957) (citing *Weldon v. Degan*, 86 Wn. 442 (1915)). "Agreements to agree are unenforceable in Washington." *Keystone Land & Development Co. v. Xerox Corp.*, 152 Wn.2d 171, 176 (2004) (citing *Sandeman*, 50 Wn.2d at 541–542). Washington, however, does recognize "agreement with open terms." *Keystone*, 152 Wn.2d at 176. Under this type of agreement, "the parties intend to be bound by the key points agreed upon with the remaining terms supplied by a court or another authoritative source, such as the Uniform Commercial Code." *Id*.

In this case, it is clear that the parties failed to reach agreement on some essential terms. The Court, however, is unable to conclude at this time that such failure renders the LOI an unenforceable agreement to agree instead of an agreement with open terms. First, the parties' course of conduct in acting according to the terms of the LOI is highly persuasive evidence that the parties intended to be bound by the terms of the LOI. Second, it is unclear what term of the LOI, or lack thereof, APG seeks to enforce or claims were breached. If the dispute is about the price of the product, which does not appear in the LOI, then the law provides means for the Court to supply that term. On the other hand, the quantity of product term is likely a question of fact as to the parties' intent. The parties refer to this essential term as (1) quantities that VaproShield "shall purchase," (2) "annual targets," and (3) "minimum volumes." The parties also contemplated that, in the event VaproShiled failed to meet the minimum volumes, then the LOI will be reconsidered. If this dispute is only about this reconsideration, then the LOI is most likely an unenforceable agreement to agree. VaproShield, however, has failed to show that this is the only term is dispute, and it appears that there exist material questions of fact as to other terms of the LOI. Therefore, the Court denies VaproShield's motion on the issue of whether the LOI is so indefinite that it is unenforceable.

**3.   Conditions Precedent**

"A condition is an event that must occur, or a circumstance that must exist, in order for the promisor to have a duty to perform." *Colorado Structures, Inc. v. Insurance Co. of the West*, 161 Wn.2d 577, 588 (2007). "It is 'precedent' if its occurrence triggers a duty of performance that had not arisen previously . . . ." *Id*.

In this case, VaproShield argues that there were two conditions precedent and that neither condition was met. Dkt. 12 at 14–15. First, VaproShield argues that its purchase requirement was contingent on the product technology being patentable and on APG obtaining a patent covering that technology. This assertion is partially true in that VaproShield agreed to purchase product if "the product concept is patentable." However, the patent applications are pending and the question of patentability is still being determined. Most importantly, the product concept has never been determined not to be patentable. Therefore, the Court disagrees with VaproShield that *obtaining* a patent was a condition precedent to performance.

Second, VaproShield argues that the LOI was conditioned upon a letter of intention between APG and Vigteqnos. Dkt. 12 at 15. APG counters that just because the other letter of intention was mentioned does not mean that it is a condition precedent. The Court agrees, and, at the very least, VaproShield has failed to show that under any reasonable interpretation of the agreement the other letter was a condition precedent. Therefore, the Court denies VaproShield's motion on the issue of conditions precedent.

**C.     APG's Other Claims**

VaproShield argues that APG failed to address VaproShield's motion as to APG's other claims. Dkt. 22 at 11. The Court agrees. However, it appears that APG's other claims are based upon an enforceable contract. Therefore, the Court denies VaproShield's motion as to APG's other claims because questions of fact exist on the issue of an enforceable contract.

D.      **Attorney's Fees and Costs**

VaproShield requests attorney's fees and costs pursuant to RCW 4.84.185. Dkt. 12 at 16. The statue requires a finding that the claims were "frivolous and advanced without reasonable cause . . . ." *See* RCW 4.84.185. The Court is unable to make this finding, especially in light of the fact that VaproShield initially advanced the same claims. Therefore, the Court denies VaproShield's motion on this issue.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Vaproshield's motion to dismiss (Dkt. 12) is **DENIED** as stated herein and VaproShield's motion to stay (Dkt. 25) is **DENIED as moot**.

Dated this 25th day of June, 2014.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 8