UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| A. PROCTOR GROUP LTD., <br><br> Plaintiff, <br><br> v. <br><br> VAPROSHIELD, LLC, <br><br> Defendant. | CASE NO. C14-5156 BHS <br><br> ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL |

This matter comes before the Court on Plaintiff A. Proctor Group Ltd.'s ("APG") motion to compel (Dkt. 35). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants in part and denies in part the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On February 24, 2014, APG filed a complaint against VaproShield, LLC ("VaproShield") for breach of contract and breach of the duty of good faith and fair dealing and requesting declaratory and injunctive relief. Dkt. 1.

ORDER - 1

1  On June 26, 2014, APG filed a motion to compel. Dkt. 35. On July 7, 2014,
2 VaproShield responded. Dkt. 39. On July 11, 2014, APG replied. Dkt. 44.

## II. DISCUSSION

"Unless otherwise limited by court order, . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

In this case, APG requests that the Court order VaproShield to respond to APG's Requests for Production Nos. 5–13, 21, & 22. Dkt. 35 at 4–5. VaproShield advances numerous objections to these requests that are meritless and/or are accounted for by the parties' stipulated protective order.[1] For example, Vaproshield objects to the production of documents showing pricing information (Dkt. 39 at 10), yet the protective order specifically addresses pricing data (Dkt. 43, ¶ 2) and allows VaproShield to label the information "Attorneys Eyes Only" (*id.*, ¶ 4.2(b)). The Court, however, does agree with VaproShield that time limits should be imposed on the scope of the requested information. While APG limited some requests to documents created "from January 1, 2011 to the present," APG failed to impose time limits on other requests. The Court finds reasonable the imposition of the time limit of 1/1/2011 to present on all of APG's

---

[1] The patent issue is, at this time, premature and meritless.

requests that do not currently have such a limit. Therefore, with the single exception of time limits, the Court grants APG's motion.

With regard to APG's request for attorney's fees, APG requests an award of $2,162.50 for 5.5 hours of work. Dkt. 35 at 10. VaproShield argues that this award is excessive based on the brevity of the motion and lack of citation to case law. Dkt. 39 at 11. The Court agrees and declines to award fees.

## III. ORDER

Therefore, it is hereby **ORDERED** that APG's motion to compel (Dkt. 35) is **GRANTED in part** and **DENIED in part** as stated herein.

Dated this 12th day of August, 2014.

BENJAMIN H. SETTLE
United States District Judge